IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM H. TANKERSLEY,
    Petitioner,

vs.                                            Case No. 3:07cv154/RV/EMT[1]

SCOTT P. FISHER, WARDEN,
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

        This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1). Respondent filed a response to the petition (Doc. 10), and Petitioner filed a reply (Doc. 12). Petitioner has also filed a "Motion for Enlargement on Recognizance" and a Motion for Summary Judgment (Docs. 15, 16).

I.    BACKGROUND

        The material facts are undisputed. On February 10, 1998, Petitioner was named as one of several defendants in a civil suit filed by the Federal Trade Commission. *See* FTC v. Think Achievement Corp., Case No. 2:98cv12 (N.D. Ind.), Docket Entry 60 (hereinafter CV-12). On November 18, 1999, Petitioner was arrested on two charges of criminal contempt, in violation of 18 U.S.C. § 401(3). *See* United States v. Tankersley, Case No. 2:99cr181 (N.D. Ind.) (hereinafter CR-181). Petitioner remained in federal custody until December 7, 1999, when he was released on bond (*see* Doc. 10 at 4). *See* United States v. Tankersley, Case No. 2:99cr181, Docket Entries 9, 12. On October 18, 2000, the court in the civil case entered judgment against Petitioner on the issue of consumer redress and ordered the defendants, including Petitioner, to pay damages and provide an accounting of assets in foreign countries and to repatriate and turn over those assets to a receiver. *See* FTC v. Think Achievement Corp., Case No. 2:98cv12, Docket Entries 524, 531. On February

---

[1] The case of Tankersley v. Lappin, No. 3:07cv161/MCR/EMT, was consolidated with this case (*see* Doc. 9).

9, 2001, the court in the civil case found Petitioner in contempt of court and ordered him imprisoned until he purged himself of the contempt. *See id.*, Docket Entry 580.  On February 12, 2001, Petitioner was arrested and imprisoned for the civil contempt. *See id.*, Docket Entry 580.  On July 23, 2001, Petitioner was arrested on charges of conspiracy to defraud the United States, mail fraud, filing false tax returns, and money laundering. *See* United States v. Tankersley, Case No. 2:01cr122 (N.D. Ind.) (hereinafter CR-122).  On August 31, 2001, pursuant to a guilty plea, Petitioner was convicted of two counts of criminal contempt and sentenced to concurrent terms of twenty-seven (27) months of incarceration in CR-181 (*see* Doc.1, Ex. 1 at 5).  *See* United States v. Tankersley, Case No. 2:99cr181, Docket Entries 57, 83.  In a contempt hearing held on November 14, 2001, the court in the civil case found that Petitioner remained in contempt (*see* Doc. 10 at 4).  *See* FTC v. Think Achievement Corp., Case No. 2:98cv12, Docket Entry 646.  On September 11, 2002, Petitioner was resentenced in CR-181 to concurrent terms of twenty-four (24) months of incarceration on each count of criminal contempt (*see* Doc. 10 at 4–5).  *See* United States v. Tankersley, Case No. 2:99cr181, Docket Entries 98, 102.  The judgment of conviction and sentence was silent as to whether Petitioner's 24-month sentences were to run concurrently or consecutively with the time served in civil confinement (*see* Doc. 10 at 5, Ex 2, Allen Decl. ¶ 8).  On October 8, 2003, the court in the civil case vacated the civil contempt order on the ground that the confinement of Petitioner had lost its present coercive effect; but the court held that the civil judgment requiring Petitioner to pay damages and turn over foreign assets was still valid and enforceable (*see* Doc. 1, Ex. 1).  *See* FTC v. Think Achievement Corp., Case No. 2:98cv12, Docket Entry 743.  The federal Bureau of Prisons (BOP) determined that Petitioner's 24-month sentence in the criminal contempt case commenced on this date (*see* Doc. 10, Ex. 2, Declaration of Scott Allen ¶ 9).  Petitioner was given prior custody credit for the period November 18, 1999 through December 7, 1999 (*id.*).

On February 25, 2005, pursuant to a written plea agreement, Petitioner pleaded guilty to one count of conspiracy to defraud the United States, one count of mail fraud, one count of filing a false tax return, and one count of money laundering.  *See* United States v. Tankersley, Case No. 2:01cr122, Docket Entries 137, 139.  Petitioner completed his sentence in the criminal contempt case on June 15, 2005, and remained in federal custody until sentencing in CR-122 (*see* Doc. 10, Ex. 2, Allen Decl. ¶ 10).  On October 21, 2005, he was sentenced to four concurrent terms of fifty-

seven (57) months of incarceration "with credit for time served as calculated by the BOP" (*see* Doc. 10 at 6). *See* United States v. Tankersley, Case No. 2:01cr122, Docket Entries 159, 160, 162. In the court's Sentencing Memorandum, the court denied Petitioner's request to credit his sentence with the thirty-two (32) months he spent incarcerated for civil contempt. *See* United States v. Tankersley, Case No. 2:01cr122, Docket Entry 160. The BOP determined that Petitioner's sentence commenced on October 21, 2005, the date it was imposed (*see* Doc. 10, Ex. 2, Allen Decl. ¶ 11). Petitioner was given prior custody credit for the period June 16, 2005, through October 20, 2005 (*id*.).

Petitioner challenges the BOP's failure to award sentence credit in CR-122 for the 32-month period he was incarcerated for civil contempt, February 12, 2001 through October 8, 2003. He contends that the BOP's refusal to grant sentence credit is based on an arbitrary, capricious, and unreasonable interpretation of 18 U.S.C. §3585(b) (*see* Doc. 1 at 3). He further contends that the BOP's failure to grant sentence credit is a violation of his due process and equal protection rights under the Fifth Amendment (*id*. at 4).

Petitioner sought relief through the administrative channels of the BOP (*see* Doc. 10, Ex. 1). In response, the BOP denied the relief requested by Petitioner, informing him that he was awarded all of the credit to which he is entitled in accordance with 18 U.S.C. § 3858(b) and BOP Program Statement 5880.28. Respondent concedes that Petitioner exhausted his administrative remedies with respect to his claims (Doc. 10 at 3).

II.   STANDARD OF REVIEW

Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to compute sentence credit awards after sentencing. Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the Bureau's decision and its statutory construction. *Id.* The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is

"arbitrary, capricious, or manifestly contrary to the statute." *Id.* (citing <u>Chevron USA Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).

III.   ANALYSIS

As previously noted, Petitioner contends he is entitled to relief on two grounds. First, he claims that the BOP's refusal to award prior custody credit for the 32-month period he was incarcerated for civil contempt is based upon an arbitrary, capricious, and unreasonable interpretation of 18 U.S.C. § 3585(b) (Doc. 1 at 3, supporting memorandum at 2–3). Second, Petitioner argues that the BOP's refusal to grant sentence credit for this period violates his due process and equal protection rights (Doc. 1 at 4, supporting memorandum at 4). Each of these arguments will be addressed in turn.

    A.   <u>Ground one: "Failure of Respondent to Award Sentence Credits as Mandated Under 28 U.S.C. § 3585(b)."</u>

(Doc. 1 at 3).

The dates of Petitioner's offenses in CR-181 and CR-122 were May 1, 1999 and December 31, 1998, respectively (*see* Doc. 10, Exs. 5, 6); hence, the relevant statutory provision as to commencement of a federal sentence and credit for prior custody is governed by 18 U.S.C. § 3585. Section 3585 provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Thus, after a defendant is sentenced, it falls to the BOP, not the district court, to determine when a sentence is deemed to "commence." *See* 18 U.S.C. § 3585(a). Additionally, as

the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b). *See* United States v. Wilson, 503 U.S. 329, 337, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (BOP determines credit issues, not the district courts). Also relevant is 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

The BOP is vested with the authority to interpret and implement these statutory provisions for purposes of sentence computation. *See* Wilson, 503 U.S. at 337. Toward that end, the BOP promulgated regulations interpreting § 3585 in Program Statement 5880.28 as meaning that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* Department of Justice, Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), pp. 1-13 (Feb. 21, 1992).

Additionally, at the time of Petitioner's sentencing in his criminal cases, August 31, 2001 in CR-181 and October 21, 2005 in CR-122, a regulation promulgated by the BOP was in effect that specifically addressed the relationship between civil contempt commitment orders and criminal sentences. *See* 28 C.F.R. 522.11 (2000). This regulation provided, in relevant part:

> (e)(1) If a civil contempt commitment order is in effect when a criminal sentence of imprisonment is imposed under 18 U.S.C. Chapter 227 (as applicable to offenses committed before November 1, 1987), the criminal sentence runs concurrently with the commitment order unless the sentencing judge orders otherwise.
>
> (2) If a civil contempt commitment order is in effect when a criminal sentence of imprisonment is imposed under 18 U.S.C. Chapter 227 (as applicable to offenses committed on or after November 1, 1987), the criminal sentence runs consecutively to the commitment order unless the sentencing judge orders otherwise.

28 C.F.R. 522.11(3) (2000). Program Statement 5880.28 also addresses this relationship as follows:

> Time spent serving a **civil contempt** sentence prior to trial and/or sentencing **does not** constitute presentence time credit toward the sentence that is eventually imposed.
>
> Time spent serving a **civil contempt** sentence **does not** constitute presentence time credit toward any criminal sentence that has been interrupted by, or that is running along concurrently with, or that is to be served consecutively to, the criminal sentence.

Department of Justice, Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), pp. 1-15A–1-16 (Feb. 14, 1997).

In the instant case, Petitioner does not dispute that the offenses underlying the criminal contempt charges in CR-181 were committed after November 1, 1987.  Additionally, he does not dispute that neither the original criminal judgment on the criminal contempt charges in CR-181, nor the resentencing judgment provided that the criminal sentence would run concurrently with the civil commitment order.  Thus, the BOP's determination that Petitioner's sentences in CR-181 commenced on October 8, 2003, the day the civil contempt order was lifted, was correct pursuant to 28 C.F.R. 522.11(e)(2) (2000).  That sentence expired on June 15, 2005, and the sentencing court in CR-122 imposed sentence on October 21, 2005 (*see* Doc. 10 at 5–6).  Therefore, the BOP's determination that Petitioner's sentence in CR-122 commenced on October 21, 2005, the date of imposition of the sentence, was correct pursuant to Program Statement 5880.28.  *See* Department of Justice, Federal Bureau of Prisons,  Sentence Computation Manual (CCCA of 1984), pp. 1-13 (Feb. 21, 1992) ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

The next issue is whether the BOP should have given Petitioner credit on either sentence for the thirty-two (32) months spent in detention pursuant to the civil commitment order.  Section 3585(b) allows credit for time spent in official detention prior to the date a sentence commences only where the detention resulted from "the offense for which the sentence was imposed," or from "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed."  A civil contempt confinement is not within these categories.  *See* Ochoa v. United States, 819 F.2d 366, 371–72 (2d Cir. 1987).  Furthermore, in the court's Sentencing Memorandum in CR-122, the court expressly denied Petitioner's request to credit his sentence, the sentence Petitioner is currently serving, with the thirty-two (32) months he spent incarcerated for civil contempt.  *See* United States v. Tankersley, Case No. 2:01cr122, Docket Entry 160.  Therefore, Petitioner is not entitled to credit for time spent in civil contempt commitment before or after imposition of his federal sentences in CR-181 and CR-122.  *See* Ochoa, 819 F.2d at 369–70 (interpreting former Section 3585); United States v. Mitchell, 556 F.2d 371, 382 (6th Cir. 1977); *see also* In re Grand Jury Proceedings, United States v. Thurmond, 534 F.2d 41, 42 (5th Cir.

1976);[2] <u>In re Grand Jury Proceedings, United States v. Marshall</u>, 532 F.2d 410, 411 (5th Cir. 1976). Petitioner's contention that the fact that the civil contempt order was vacated renders BOP regulations and policy statements inapplicable, and his sentences in CR-181 should have commenced on February 12, 2001, is without merit. The fact that the civil contempt order was vacated after Petitioner was originally sentenced and resentenced in CR-181 does not change the fact that Petitioner's incarceration from February 12, 2001 to October 8, 2003 was pursuant to a civil contempt commitment order in effect at the time of his sentencing. Furthermore, as previously discussed, Petitioner's civil contempt confinement is not within the categories for which credit is allowed in Section 3585(b). Therefore, Petitioner has failed to show that the BOP's calculation of his commencement dates in CR-181 and CR-122 and refusal to award prior custody credit in either case for the 32-month period he was incarcerated for civil contempt is based upon an arbitrary, capricious, and unreasonable interpretation of 18 U.S.C. § 3585(b). Accordingly, he is not entitled to relief on this claim.

>    B.    <u>Ground two: "Failure of Respondent to Award Sentencing Credits in Violation of the Due Process Clause and Afford Equal Protection Under the Fifth Amendment to the Constitution."</u>

(Doc. 1 at 4). Petitioner next claims that the BOP treated him differently than similarly situated inmates by failing to award sentence credit for the period he was incarcerated pursuant to the civil contempt order. He contends that the fact that the civil contempt order was vacated replaced his status as a contemnor with the status of every other inmate spending presentence time in detention; yet the BOP granted the other inmates sentence credit, and denied him credit without a rational reason (*id*.). To the extent Petitioner argues he has a liberty interest in the sentence credits and was deprived of that interest without due process of law, his claim is without merit as he has failed to establish he had a liberty interest in receiving sentence credit for the thirty-two (32) months he was incarcerated pursuant to the civil contempt order.

---

[2]The Eleventh Circuit adopted as precedent decisions of the Fifth Circuit rendered prior to October 1, 1981. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Case No.: 3:07cv154/RV/EMT

Likewise, Petitioner's equal protection claim is without merit. The Equal Protection Clause is implicated in "class of one" claims, the type of claim alleged by Petitioner, "'where the [petitioner] alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir.), *cert. denied*, 127 S. Ct. 559 (2006) (citation omitted). "A showing that two [persons] were similarly situated requires some specificity." *Id.* The Eleventh Circuit has cited with approval the decision of Racine Charter One, Inc. v. Racine Unified School Dist., 424 F.3d 677 (7th Cir. 2005), which concluded that "[t]o be considered 'similarly situated,' comparators must be prima facie identical in all relevant respects." Racine, 424 F.3d at 680 (quoted in Campbell, 434 F.3d at 1314). In the instant case, Petitioner has failed to show that he was treated differently from inmates who were "prima facie identical in all relevant respects" because he does not allege that any other inmate serving a criminal sentence for offenses committed after November 1, 1987 was incarcerated pursuant to a civil contempt commitment order, had his civil contempt commitment order vacated, and received sentence credit from the BOP for the time spent in civil commitment or was allowed to serve his criminal sentence concurrently with the civil contempt commitment without an order from the criminal sentencing judge directing such. Therefore, Petitioner has failed to establish an equal protection violation.

For the foregoing reasons, it is **ORDERED**:

Petitioner Motion for Enlargement on Recognizance (Doc. 15) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1. That Petitioner's Motion for Summary Judgment (Doc. 16) be **DENIED**.

2. That Petitioner's petition for writ of habeas corpus (Doc. 1) be **DENIED** and the clerk be directed to close this file and Case No. 3:07cv161/MCR/EMT.

At Pensacola, Florida, this 12th day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**