IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM H. TANKERSLEY,
    Petitioner,

vs.                                      Case No. 3:07cv154/RV/EMT

SCOTT P. FISHER, Warden,
    Respondent.
_____/

**O R D E R**

       This cause is before the undersigned upon referral from the District Judge (Doc. 24). Upon review of the order of referral, the court finds that review of several portions of the record in FTC v. Think Achievement Corp., Case No. 2:98cv12-TLS (N.D. Ind) and United States v. Tankersley, Case No. 2:99cv181-RL (N.D. Ind) is necessary for resolution of this matter. Therefore, Respondent shall supplement the record with the following portions of the record in FTC v. Think Achievement Corp., Case No. 2:98cv12-TLS (N.D. Ind):

    1.    Order issued by Judge Springmann on October 18, 2000 (Doc. 524);

    2.    Motion to show cause filed by Receiver J. Brian Hittinger on January 4, 2001 (Doc. 555);

    3.    Transcript of hearing held on January 30, 2001 (*see* Doc. 567);

    4.    Stipulated protective order issued by Judge Springmann on February 5, 2001 (Doc. 570);

    5.    Ex parte motion and affidavit filed by Receiver Hittinger on February 9, 2001 (Doc. 572);

    6.    Ex parte petition filed by Receiver Hittinger on February 9, 2001 (Doc. 573);

7.  Transcript of hearing held on February 9, 2001 (*see* Doc. 577);

8.  Order issued by Judge Springmann on February 9, 2001 (Doc. 578);

9.  Motion to reconsider or stay filed by William Tankersley on February 28, 2001 (Doc. 582);

10. Motion for hearing on contempt citation filed by William Tankersley on March 2, 2001 (Doc. 583);

11. Opposition/Response to motion to stay filed by FTC on March 6, 2001 (Doc. 584);

12. Transcript of hearing held on April 17, 2001 (*see* Doc. 606);

13. Transcript of hearing held on April 18, 2001 (*see* Doc. 609);

14. Transcript of hearing held on June 20, 2001 (*see* Doc. 617);

15. Transcript of hearing held on November 14, 2001 (*see* Doc. 646);

16. Stipulation and Order issued by Judge Springmann on January 18, 2002 (Doc. 657);

17. Motion to vacate contempt order filed by William Tankersley on July 3, 2003 (Doc. 730);

18. Opposition/Response to motion to vacate filed by FTC (Doc. 734);

19. Transcript of hearing held August 25, 2003 (*see* Doc. 739);

20. Supplemental brief filed by William Tankersley (Doc. 740);

21. Supplemental brief filed by FTC (Doc. 741);

22. Memorandum and Order issued by Judge Springmann on October 8, 2003 (Doc. 743).

Respondent shall also supplement the record with the following portions of the record in <u>United States v. Tankersley</u>, Case No. 2:99cr181-RL (N.D. Ind):

1.  Indictment filed December 7, 1999 (Doc. 1);

2. Transcript of hearing held December 18, 2000 (*see* Doc. 57);

3. Transcript of hearing held April 17–18, 2001 (*see* Docs. 72, 73);

4. Transcript of sentencing hearing held July 13, 2001 (*see* Doc. 80);

5. Briefs of parties regarding claim of privilege (Docs. 81, 82);

6. Transcript of sentencing hearing held August 30, 2001 (*see* Doc. 83);

7. Judgment and Commitment order issued September 11, 2001 (Doc. 87);

8. Transcript of re-sentencing hearing held on September 11, 2002 (*see* Doc. 98);

9. Amended Judgment and Commitment order issued September 11, 2002 (Doc. 99);

10. Amended Judgment and Commitment order issued July 7, 2007 (Doc. 102).

Additionally, pursuant to the order of the District Judge, the parties shall file supplemental briefs addressing the following issues:

1. Did Petitioner assert his Fifth Amendment privilege regarding any matters included in the October 18, 2000 order and January 4, 2001 motion to show cause filed in <u>FTC v. Think Achievement Corp.</u>, Case No. 2:98cv12-TLS?

2. If Petitioner asserted his Fifth Amendment privilege, did he have a reasonable and legitimate basis for doing so, that is, did the civil contempt order issued on February 9, 2001, run afoul of the Fifth Amendment?

3. Did the court in the civil case err by imposing the contempt under 18 U.S.C. § 401 instead of 28 U.S.C. § 1826?

4. Did Petitioner properly challenge the civil contempt order issued February 9, 2001?

5. If Petitioner did not properly challenge the order issued February 9, 2001, did he waive the argument that the order violated his Fifth Amendment rights?

6.	To what extent do United States v. Slaughter, 900 F.2d 1119 (7th Cir. 1990) and Laporta v. Meko, 103 F.3d 113 (3d Cir. 1996) (briefs at 1996 WL 33648895, 33648896) bear on the instant case?[1]

Finally, the District Judge directed the undersigned to reconsider Petitioner's Motion for Enlargement on Recognizance (*see* Docs. 15, 23, 24 at 17), and Petitioner has now filed a Renewed Motion for Enlargement on Recognizance (Doc. 28). Before the court rules on Petitioner's request, Respondent shall have an opportunity to respond.

Accordingly, it is **ORDERED**:

1.	Respondent shall respond to Petitioner's Motion for Enlargement on Recognizance and Renewed Motion (Docs. 15, 28) on or before **NOVEMBER 1, 2007.**

2.	Respondent shall file the documents identified in the body of this order on or before **NOVEMBER 19, 2007**.

3.	On or before **DECEMBER 19, 2007**, the parties shall submit supplemental briefs addressing the six issues identified in the body of this order.

**DONE AND ORDERED** this 22nd day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] A copy of the briefs are attached to this order, since Petitioner may not have access to them from his institution.

Case No. 3:07cv154/RV/EMT