IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM H. TANKERSLEY,
    Petitioner,

vs.                                    Case No.  3:07cv154/RV/EMT

SCOTT P. FISHER, Warden,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court on Petitioner's Motion for Enlargement on Recognizance and Renewed Motion (Docs. 15, 28), in which he requests release from incarceration pending disposition of his habeas petition. Respondent filed a response in opposition to the motions (Doc. 33). Upon consideration of the parties' submissions, it is the opinion of the undersigned that the motions should be denied.

I.    BACKGROUND

       An extensive recitation of the factual history of this case is set forth in the order of the District Judge entered October 12, 2007 (Doc. 24). Only the facts essential to resolution of the instant motions will be included in this Report and Recommendation.

       Beginning in September 1991, Petitioner masterminded an elaborate and nationwide telemarketing scheme to defraud persons seeking employment with the United States Postal Service. *See* United States v. Tankersley, 296 F.3d 620, 621 (7th Cir. 2002). In February 1998, he and several corporate entities under his direction and control were named as defendants in a civil action filed by the Federal Trade Commission ("FTC") in the United States District Court for the Northern District of Indiana. *See* F.T.C. v. Think Achievement Corp., 144 F. Supp. 2d 993, 997 (N.D. Ind. 2000). While the civil case was pending, the presiding judge entered a restraining order and

injunction against Petitioner in order to freeze his assets.  *See id.*; *see also* Tankersley, 296 F.3d at 621.  Petitioner violated the order and injunction by selling a yacht and attempting to transfer the proceeds to a bank in the Bahamas.  *See* Tankersley, 296 F.3d at  621.  For this, he was charged in the United States District Court for the Northern District of Indiana with two counts of criminal contempt.  *Id.*  He pled guilty to the charges and was sentenced to twenty-seven months of incarceration, which was later reduced to twenty-four months.  *Id.*

On September 29, 2000, and October 18, 2000, summary judgment was granted for the FTC in the civil case.  *See* F.T.C. v. Think Achievement Corp., 144 F. Supp. 2d  1013, 1014 (N.D. Ind. 2000).  In the October 18 order, the court entered judgment against Petitioner in the amount of $28,149,600.00 for consumer redress and payment of any attendant expenses of administering a redress fund.  *Id.* at 1025.  The court also ordered Petitioner to provide his social security number to the receiver for the purpose of collecting the civil judgment.  *Id.*  The court further ordered that Petitioner turn over to a receiver all accounts and assets held by him, on his behalf, for his benefit, or in trust by or for him, turn over title to all real and personal property, and provide an accounting of and repatriate to the United States and turn over all assets in foreign countries (up to the judgment amount).  *Id.* at 1025–26.  Petitioner refused; instead choosing to conceal some of his assets in storage units.

More than three months later, the receiver filed a motion to show cause based upon Petitioner's refusal to provide:  (1) his social security number, (2) title to all of his real and personal property; and (3) an accounting for, and repatriation of, his assets held in foreign countries.  *See* F.T.C. v. Think Achievement Corp., 144 F. Supp. 2d  1029, 1031 (N.D. Ind. 2001).  During a hearing on the receiver's motion, held on January 29, 2001, Petitioner objected to the October 18 order and the receiver's motion to show cause, asserting his Fifth Amendment privilege as to some of the information he was directed to provide to the receiver because there was at that time an ongoing grand jury investigation into his potential criminal activity.  *See id.* at 1034.  The court directed the parties to submit an "Agreed Protective Order" encompassing the information and assets sought by the receiver, which they did, and the court then entered a "Stipulated Protective Order," signed by Petitioner's attorney.  *Id.*

Notwithstanding the protective order, Petitioner failed to provide the receiver with the information and property ordered by the court; therefore, on February 9, 2001, the receiver filed a Motion to Enforce Immediate Sanctions and a Petition for Writ of Execution, Writ of Assistance, and Hold Harmless Agreement. Think Achievement Corp., 144 F. Supp. 2d at 1031. The same day, the district court found that Petitioner knowingly violated the October 18, 2000 and January 29, 2001 orders, and that he failed to establish an inability to comply with those orders; therefore, the court exercised its authority under 18 U.S.C. § 401, and had Petitioner charged with, and arrested for, civil contempt. *Id.* at 1035. Petitioner was ordered to be incarcerated until he purged the contempt. *Id.*    Petitioner was still being held on this civil contempt charge when, on August 31, 2001, he was sentenced on the criminal contempt charge as discussed above. The district court in the civil case held a hearing on November 14, 2001, during which it found that Petitioner remained in civil contempt and ordered that the criminal contempt sentence "not begin until defendant has purged himself of contempt by complying with prior court orders." The civil contempt thus tolled the start of his sentence for the criminal contempt.

At some point during this period, the grand jury empaneled to hear evidence relative to Petitioner's criminal activity concluded its term. On July 18, 2001, Petitioner was charged in a sixty-count indictment with multiple counts of conspiracy, wire fraud, mail fraud, money laundering, and filing false tax returns. *See* United States v. Tankersley, 96 Fed. Appx. 419, 421 (7th Cir. May 12, 2004). Although the grand jury was concluded, Petitioner continued to refuse to provide information and assets to the receiver because of the pending criminal indictment. He remained incarcerated under the civil contempt for more than two and one-half years. On October 8, 2003, after being in contempt for almost thirty-two months, the district court vacated the civil contempt order so that Petitioner could start serving his criminal contempt sentence (*see* Doc. 1, Ex. 1). Immediately thereafter, he began serving time for the criminal contempt charge, and he eventually completed that sentence on June 15, 2005. Subsequently, on October 21, 2005, pursuant to a guilty plea, he was sentenced to fifty-seven months of incarceration for the fraud, money laundering, and tax charges, with credit for time served as calculated by the Bureau of Prisons.

In the instant habeas action, Petitioner challenges the BOP's failure to award credit on his current sentence for the time he spent in custody on the civil contempt charge, that is, 968 days from

February 12, 2001 to October 8, 2003.  Petitioner argues that the BOP's conduct violated 18 U.S.C. § 3585(b), as well as his constitutional rights to due process and equal protection.  The undersigned initially issued a Report and Recommendation recommending that the habeas petition be denied on the ground that Petitioner failed to show that the BOP's sentence calculation was based upon an arbitrary, capricious, or unreasonable interpretation of 18 U.S.C. § 3585(b); he failed to show he had a liberty interest in the sentence credit; and he failed to show that similarly situated inmates were treated differently (*see* Doc. 17).  The District Judge determined that further development of the record was necessary, as well as further briefing by the parties on specific issues; thus, the case was remanded to the undersigned for further review and analysis (*see* Doc. 24).  The undersigned then issued an order directing Respondent to supplement the record with relevant portions of the record from Petitioner's civil and criminal cases in the Northern District of Indiana, and requiring the parties to file supplemental briefs addressing the following issues:

> 1.  Did Petitioner assert his Fifth Amendment privilege regarding any matters included in the October 18, 2000 order and January 4, 2001 motion to show cause filed in FTC v. Think Achievement Corp., Case No. 2:98cv12-TLS?
>
> 2.  If Petitioner asserted his Fifth Amendment privilege, did he have a reasonable and legitimate basis for doing so, that is, did the civil contempt order issued on February 9, 2001, run afoul of the Fifth Amendment?
>
> 3.  Did the court in the civil case err by imposing the contempt under 18 U.S.C. § 401 instead of 28 U.S.C. § 1826?
>
> 4.  Did Petitioner properly challenge the civil contempt order issued February 9, 2001?
>
> 5.  If Petitioner did not properly challenge the order issued February 9, 2001, did he waive the argument that the order violated his Fifth Amendment rights?
>
> 6.  To what extent do United States v. Slaughter, 900 F.2d 1119 (7th Cir. 1990) and Laporta v. Meko, 103 F.3d 113 (3d Cir. 1996) (briefs at 1996 WL 33648895, 33648896) bear on the instant case?

(Doc. 29).  The deadline for Respondent's supplementing the record is November 19, 2007, and the deadline for the parties' briefs is December 19, 2007 (*id.*).

II.   ANALYSIS

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)); <u>Johnson v. Radford</u>, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

1.  There is a substantial likelihood that plaintiff will prevail on the merits;

2.  There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3.  The threatened injury to plaintiff outweighs the threatened harm the injunction will do to the defendant; and

4.  The granting of the preliminary injunction will not disturb the public interest.

<u>CBS Broadcasting, Inc. v. Echostar Communications Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001); <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>Johnson v. United States Dep't of Agric.</u>, 734 F.2d 774 (11th Cir. 1984); <u>Canal Auth. of State of Fla. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  <u>All Care Nursing Serv. v. Bethesda Mem'l Hosp.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Serv.</u>, 887 F.2d at 1537; <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant case, Petitioner has failed to carry his burden of persuasion as to the first element of the four-part test, as he has failed to demonstrate that there is a substantial likelihood he

will prevail on the merits.  Initially, none of the issues identified by the District Judge as requiring further review and analysis relate to Petitioner's equal protection claim or his claim that the BOP's sentence calculation was based upon an arbitrary, capricious, or unreasonable interpretation of 18 U.S.C. § 3585(b); rather, the issues identified by the District Judge relate only to the issue of whether the civil contempt order was improper or unjust, thus violating due process principles. Therefore, for the reasons set forth in the Report and Recommendation previously issued by the undersigned (*see* Doc. 17), Petitioner has failed to demonstrate a substantial likelihood of success on the merits with regard to his equal protection claim or his claim that the BOP's sentence calculation was based upon an arbitrary, capricious, or unreasonable interpretation of 18 U.S.C. § 3585(b).  Accordingly, Petitioner is entitled to a preliminary injunction only if he has demonstrated a substantial likelihood of success on the merits with regard to his due process claim.

Based upon the facts set forth *supra*, Petitioner has failed to carry his burden of persuasion on the issue of whether the BOP's sentence calculation violated due process.  Petitioner has failed to show that the civil contempt order issued on February 9, 2001, ran afoul of the Fifth Amendment. Initially, Petitioner has failed to show that all of the items that formed the basis of the contempt charge were testimonial in nature and, therefore, protected by the Fifth Amendment.  Furthermore, Petitioner has provided nothing to show that the information and property that was the subject of the contempt order was <u>not</u> in the class of information and property that he agreed to provide by entering into the Stipulated Protective Order.  Indeed, it appears that Petitioner waived his Fifth Amendment privilege by entering into the Stipulated Protective Order.  Moreover, Petitioner has failed to show that he properly challenged the civil contempt charge at the time it was entered or at any time subsequent thereto.

Additionally, Petitioner has failed to show that the contempt order was improperly entered on other grounds.  The record indicates that the reason the district court vacated the contempt order was not because it was improperly entered but because it had lost its coercive effect (*see* Doc. 1, Ex. 1 at 5–7).  Furthermore, Petitioner has failed to show that the district erred by imposing the contempt under 18 U.S.C. § 401 instead of 28 U.S.C. § 1826.  The purpose of the civil contempt was to secure Petitioner's compliance with the court's restitution order, entered as part of the final judgment in the civil case, which required him to turn over asserts to the receiver to satisfy the civil judgment; there

is no indication that the contempt order was entered solely because Petitioner refused to provide testimonial material in a case pending before the court or a grand jury.  *See* Think Achievement Corp., 144 F. Supp. 2d at 1034.  Because Petitioner has failed to satisfy his burden of demonstrating a substantial likelihood of success on the merits of his claims, he is not entitled to preliminary relief.

On a final note, Respondent contends that Petitioner poses a flight risk if he is released prior to resolution of the instant proceedings.  In support of this argument, Respondent states that the court in the criminal fraud, money laundering, and tax case determined that Petitioner was a flight risk and a danger to the community (*see* Doc. 33 at 11).  This determination was based upon the fact that Petitioner had access to significant offshore assets, had researched extradition policies of various countries, had traveled to foreign countries in violation of his bond conditions, and had failed to turn over all passports which he was known to possess (*id*.).  This information is relevant to the third and fourth factors of the preliminary injunction standard, specifically, whether the threatened injury to Petitioner outweighs the threatened harm the injunction will do to Respondent, and whether the granting of the preliminary injunction will disturb the public interest, and weighs against granting Petitioner's release.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Motion for Enlargement on Recognizance and Renewed Motion (Docs. 15, 28) be **DENIED**.

At Pensacola, Florida, this 7th day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE  JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**